IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICTOR DAVID BRACAMONTES-ELIZONDO, ) ) ) Petitioner, ) ) v. ) ) JASON BRYANT, Warden, ) ) Respondent. ) | Case No. CIV-16-1405-F |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254, seeking habeas relief from a state court conviction. (ECF No. 1). United States District Judge Stephen Friot has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Respondent has filed a Motion to Dismiss **(ECF No. 13)** the Petition as untimely, to which Petitioner has responded. (ECF No. 16). For the reasons set forth herein, it is recommended that Defendant's motion be **GRANTED.**

## I.   PROCEDURAL BACKGROUND

On July 23, 2013, Petitioner entered a *nolo contendre* plea to a charge of Aggravated Trafficking in Illegal Drugs. (ECF No. 1:1). Petitioner did not file an appeal, but did file an Application for Post-Conviction Relief in Canadian County District Court on May 16, 2016.[1] On June 14, 2016, the district court denied the application and on

---

[1] *See* http://www.oscn.net/dockets/GetCaseInformation.aspx?db=canadian&number=CF-2012-663 (Application for Post-Conviction Relief); (ECF No. 1:1).

November 10, 2016, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the denial.[2]

Petitioner seeks habeas relief on three grounds:

1. The state court failed to rule on an "amended" Application for Post-Conviction Relief;

2. The trial court erred in finding a factual basis for Aggravated Trafficking in Illegal Drugs when the Summary of Facts only supported a lesser included offense; and

3. Ineffective assistance of trial counsel.

(ECF No. 1:2-5).

## II. AEDPA LIMITATIONS PERIOD

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year limitations period for claims of a habeas petitioner in state custody. *Rhine v. Boone*, 182 F.3d 1153, 1154 (10th Cir. 1999). The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2] *See* ECF Nos. 8-2 & 1-1.

28 U.S.C. § 2244(d)(1)(A)-(D). Petitioner argues that the December 8, 2016 habeas petition was timely under subsections (A), (B), and (C). (ECF Nos. 8 & 16).[3] The Court should reject these arguments.

## III. SUBSECTION (A)—THE FINALITY OF THE CONVICTION

Citing OCCA Rule 2.1(E), Petitioner argues that he is "within the one-year time frame for 'the expiration of the time for seeking such review' under subsection (A) because Oklahoma State law allows a convicted person to file for an appeal out of time at "anytime." (ECF No. 8:1). *See* ECF No. 8:1 ("Pursuant to subparagraph A above, under Oklahoma law a person who pleads guilty may file . . . an Appeal Out of Time anytime. Consequently, Petitioner would be within the one-year time frame for "the expiration of the time for seeking such direct review.") (internal citation omitted); *see also* ECF No. 16:1 (same).

For purposes of § 2244(d)(1)(A), the United States Supreme Court has held that "direct review" cannot conclude until the availability of direct appeal to the state courts, and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113 (2009). In *Jimenez*, the United States Supreme Court addressed the issue

---

[3] Petitioner also cites subsection (D) as a potential basis for timeliness, arguing:

> Petitioner's Application for Post-Conviction Relief should have been liberally construed according to the proper procedure to pursue his claim, whether that proper procedure was an appeal out of time or an application for post-conviction relief. This is the subject of just one of Petitioner's claims.

(ECF Nos. 8:3 & 16:3). The undersigned cannot discern how subsection (D) would apply based on Petitioner's argument, as he has not alleged how the factual predicate of any of his claims could have been discovered through the exercise of due diligence. Thus, the Court need not consider applicability of § 2244(d)(1)(D).

3

of whether a petitioner's appeal out-of-time would "re-open" the direct review process and thus extend the one-year habeas limitations period under 28 U.S.C. § 2244(d)(1)(A). The Court held:

> [W]here a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet "final" for purposes of § 2244(d)(1)(A). In such a case, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" must reflect the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that appeal.

*Jimenez*, 555 U.S. at 121. Under *Jimenez*, the order granting the out-of-time appeal "restore[d] the pendency of the direct appeal" and began the one-year limitations clock. *Jimenez*, 555 U.S. at 121 (brackets in original). Applying this logic to the instant case, Petitioner's theory could potentially have merit if the Petitioner had filed, and the Oklahoma state court had granted, an out-of-time appeal. Whether Petitioner had filed for an out-of-time appeal depends on how the appeal was construed by the state district court. *See York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003) (noting that the state court's characterization of a pleading determined whether it should be considered a part of the "direct review" proceedings or the "state collateral review process" "for purposes of the AEDPA timeliness calculation.")

Here, the Canadian County District Court: (1) characterized Mr. Bracamontes-Elizondo's pleading as "Defendant's Application for Post-Conviction Relief," (2) recognized Petitioner's acknowledgement that he had not filed a direct appeal, and (3) concluded that Petitioner's Application for Post-Conviction Relief was not an attempt to file an appeal out of time, but rather an "attempt[] to substitute the direct appeal by an Application for

4

Post-Conviction Relief." (ECF No. 8-2:1). The state court had clearly characterized Petitioner's Application for Post-Conviction relief as one seeking "collateral review" and not as part of the "direct review" process. Thus, applying *York*, the Court should conclude that Petitioner's Application for Post-Conviction Relief was not filed prior to "the expiration of the time for seeking such [direct] review" and therefore, as discussed in *Jimenez*, the pleading did not affect the conviction's finality date under § 2244(d)(1)(A).

## IV. SUBSECTION (B)—STATE-CREATED IMPEDIMENTS

Under 28 U.S.C. § 2244(d)(1)(B), the one-year limitations period runs from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). Mr. Bracamontes-Elizondo argues that two state-created impediments existed under subsection (B) which prevented him from filing a direct appeal from his plea, either within the 10-day statutory time period, or later through an application for appeal out of time. *See* OCCA Rules 4.2(A) & 2.1(E).[4]

The undersigned begins by noting that subsection (B) concerns state-created impediments which prevent a petitioner from filing a *federal habeas petition*, not a state

---

[4] Petitioner also argues that his court-appointed counsel failed to file a motion to withdraw the plea, "as per Petitioner's request," *see* ECF No. 8:2, but this argument is belied by Mr. Bracamontes-Elizondo's statements in his Application for Post-Conviction Relief. There, Petitioner attributes the failure to file a motion to withdraw to the fact that his trial attorney gave him "inaccurate advice that no basis for appeal existed." Application for Post-Conviction Relief at 2. *See also id.* at 3 ("The failure of Petitioner to file a Motion to Withdraw Plea of Nolo Contendere is due to counsel's improper and erroneous advice."); *id.* at 6 (the failure to appeal "was entirely due to the advice provided by appointed counsel, who assured Petitioner ~ at that time ~ that '*all [was] as it should be*.'") (emphasis in original).

5

court motion. *See, e.g., Edwards v. Keith,* 276 F. App'x 768, 769 (10th Cir. 2008) (concluding that Section 2244(d)(1)(B) applies "if it prevents the petitioner from filing a federal habeas petition"). Under a liberal construction, however, the Court could extend § 2244(d)(1)(B) to include state court motions under a theory that Petitioner would have been prevented from filing his habeas petition unless he had first exhausted his state court appeals. But even so, Petitioner's arguments are not persuasive.

First, Petitioner argues that he was on lockdown status while incarcerated at Cimarron Correctional Facility (CCF) from August 29, 2013 until he was transferred to James Crabtree Correctional Center (JCCC) on August 29, 2014. (ECF No. 8:2). Petitioner contends that the lockdown prevented him access to the law library and, consequently, access to the courts. (ECF No. 8:2). The United State Supreme Court has recognized that although lockdowns routinely cause delays in receiving legal material, "so long as [the lockdowns] are the product of prison regulations reasonably related to legitimate penological interests, such delays are not of constitutional significance even where they result in actual injury." *Lewis v. Casey*, 518 U.S. 343, 362 (1996). The petitioner bears the burden of showing that the lockdown was not "reasonably related to legitimate penological interests." *Pfeil v. Everett*, 9 F. App'x 973, 978 (10th Cir. 2001). Because Mr. Bracamontes-Elizondo has not presented any evidence to show that the prison lockdown at CCF was not "reasonably related to legitimate penological interests" the Court should reject his related argument under § 2244(d)(1)(B). *See id.* (rejecting similar argument because petitioner "has not presented any evidence that the lockdown was not related to legitimate penological interests.").

Second, Mr. Bracamontes-Elizondo argues that a state-created impediment under subsection (B) existed because he spoke "very little English" and "the State failed to provide a Spanish interpreter in any of the facility law libraries so that Petitioner could make the Motion [to withdraw or file an appeal out of time] himself." (ECF No. 8:2); *see* ECF No. 16:2. The Tenth Circuit Court of Appeals has repeatedly rejected this argument. *See Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) ("the absence of written notice or law books in [petitioner's] first language . . . does not create a state imposed impediment[.]"); *Gutierrez-Ruiz v. Trani*, 378 F. App'x 797, 799 (10th Cir. 2010) (rejecting petitioner's argument that a state-created impediment existed under subsection (B) because petitioner "does not speak English and has not been given an interpreter").

## V.   SUBSECTION (C)—RETROACTIVITY OF A NEW CONSTITUTIONAL RIGHT

28 U.S.C. § 2244(d)(1)(C) states that the one-year limitations period may begin on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). In the habeas petition's section on "timeliness," Petitioner presents an argument which implicates subsection (C), but the argument is insufficient. Petitioner states: "The factual predicate of Ground One is within the one-year time frame. Additionally, *Montgomery v. Louisiana*, 136 S.Ct 718 (2016) provides that violations of constitutional rights may be challenged through post-conviction proceedings. This change in the law was decided January 25, 2016." (ECF No. 1:6). And elsewhere, Petitioner states:

> Pursuant to subparagraph C above, as stated in the Petition, Petitioner believes that the United States Supreme Court stated: "The Court ***now***

7

> ***holds*** that when a new substantive rule of constitution [sic] law controls the outcome of a case, the Constitution requires state collateral review courts to give retroactive effect to that rule." How much more should a collateral review court give effect to rules already clearly established. "It follows, as general principle, that ***a court has no authority to leave in place a conviction or sentence that violates a substantive rule, regardless of whether the conviction or sentence became final before the rule was announced.*** " This is a new substantive holding of the US Supreme Court and Petition is entitled to the benefit of this holding because his filings are within a year of ***Montgomery***.

(ECF No. 16:3) (emphasis in original) (internal citation omitted).

Apparently, Petitioner believes *Montgomery* is somehow applicable to his case and that because *Montgomery* was decided January 25, 2016, his December 8, 2016 habeas petition was timely. But Petitioner's reliance on *Montgomery* is misplaced.

In *Montgomery*, the United States Supreme Court held, in part, that when a new substantive rule of constitutional law controls the outcome of a case, state courts on collateral review must give retroactive effect to that rule. *Montgomery v. Louisiana*, 136 S. Ct 718, 729 (2016). But Petitioner has failed to argue, either here, or in his post-conviction application, that a new substantive constitutional rule had been decided which would have effected Petitioner's conviction.[5]

In the absence of allegations of facts implicating subsections (B), (C), or (D), Petitioner's limitations period began to run from the date on which the conviction became final. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Because Petitioner did not appeal from the July 23, 2013 plea, his conviction became final ten days later on August 2, 2013. *See Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). As discussed,

---

[5] *See* ECF No. 1; Application for Post-Conviction Relief.

this date was not affected by Petitioner's Post-Conviction Appeal which was not considered an application to file for an appeal out-of-time. *See supra*. Thus, without tolling, Petitioner's statute of limitations expired on August 4, 2014.[6] Petitioner filed the habeas petition on December 8, 2016, over two years after the limitations period had expired. (ECF No. 1:1). Thus, under § 2244(d)(1)(A) this action is untimely absent statutory or equitable tolling.

## VI. STATUTORY TOLLING

The AEDPA limitations period is tolled while a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. *See* 28 U.S.C. § 2244(d)(2). Although Petitioner filed an Application for Post-Conviction Relief, he did not do so until May 16, 2016. *See* Application for Post-Conviction Relief. Because the application was filed after the limitations period had already expired it would not entitle him to any period of tolling under § 2244(d)(2). *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Accordingly, unless equitable tolling is applicable, the instant petition is untimely.

## VII. EQUITABLE TOLLING

The limitations period may be equitably tolled if the petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Lawrence v. Florida*, 549 U.S. 327 (2007). The petitioner bears the burden to demonstrate the equitable tolling applies. *Miller v.*

---

[6] The one-year limitations period ended on August 2, 2014. But because that day was a Saturday, Petitioner had until the following Monday, August 4, 2014, to file a habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C).

*Marr,* 141 F.3d 976, 978 (10th Cir. 1998). Mr. Bracamontes-Elizondo argues that his petition should be equitably tolled for two reasons: (1) a language barrier existed which prevented him from filing a post-conviction application until he received help from a Spanish interpreter in approximately March of 2016, and (2) through no fault of his own, an Amended Application for Post-Conviction Relief was never filed in state court. (ECF Nos. 8:2; 9; 16:3). Neither of these reasons would justify equitable tolling.

First, in an objection to the Motion to Dismiss, Petitioner argues that his petition should be equitably tolled due to a language barrier which he alleges prevented timely filing. (ECF No. 16:4). Mr. Bracamontes-Elizondo raised this argument as a basis for statutory tolling under 28 U.S.C. § 2244(d)(1)(B), and the undersigned previously dismissed it, citing *See supra*, discussing *Yang v. Archuleta*, 525 F.3d 930 (10th Cir. 2008). In his equitable tolling argument, Petitioner attempts to disavow the application of *Yang*, stating: "The **Yang** court did not decide the issue as to whether language barriers are proper subject for equitable tolling." (ECF No. 16:4) (emphasis in original). Mr. Bracamontes-Elizondo is incorrect. *See Yang*, 525 F.3d at 928 ("The issue presented here is whether limited English proficiency in the English language can constitute extraordinary circumstances which, along with a showing a diligence, might justify equitable tolling.") In *Yang*, the petitioner alleged equitable tolling, in part, because: (1) his first language was not English, (2) he could not understand or comprehend the law without assistance from others, and (3) the facility where he was incarcerated did not have law books in his first language. *Yang*, 525 F.3d at 928. The Tenth Circuit Court of Appeals rejected these arguments, stating:

> We do not doubt Yang's need for assistance in understanding the legal process. But such is common for the majority of *pro se* prisoners, whether or not they have English deficits. Even less surprising is the absence of written notice or law books in Yang's first language. This does not create a state imposed impediment, however, as the Colorado Department of Corrections is under no duty to provide access to legal materials in a prisoner's preferred language. . . . Yang's allegations fall far short of the facts needed to demonstrate extraordinary circumstances.

*Id.* at 930.

Here, Mr. Bracamontes-Elizondo argues that despite requesting assistance in Spanish from unit staff, no staff provided interpreter assistance so that he could: (1) understand how to purse his claims, including whether he could pursue them in Spanish and (2) request legal materials to pursue his claims. (ECF No. 16:2). But as in *Yang*, the Oklahoma Department of Corrections was under no duty to provide Petitioner with Spanish law books. And the Tenth Circuit has held that neither ignorance of the law nor lack of legal assistance are considered "extraordinary circumstances" which would justify equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of he law); *Miller*, 141 F.3d at 976 (lack of legal assistance). Accordingly, the Court should reject Petitioner's argument concerning a language barrier as a basis for equitable tolling.

Next, Mr. Bracamontes-Elizondo argues that through no fault of his own, an Amended Application for Post-Conviction Relief was never filed in the Canadian County District Court. Petitioner states that on May 12, 2016, he inadvertently mailed a draft version of his Application for Post-Conviction Relief to the district court and the District Attorney. (ECF No. 9:1). After realizing the error, Petitioner mailed an amended version of the pleading to both parties the following Monday, May 16, 2016. (ECF No. 9:1). According to Petitioner, the District Attorney received and responded to the amended

11

pleading, but the Canadian County Court Clerk's office only filed the first pleading and not the amended version. (ECF No. 8:2, 9:1-2; 16:3).

An extraordinary circumstance warranting equitable tolling may exist "when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger,* 232 F.3d 799, 808 (10th Cir. 2000). Essentially, Mr. Bracamontes-Elizondo argues that through no fault of his own, a "defective pleading" was filed—the "draft" version of his post-conviction application. But the pleading was filed on May 16, 2016—nearly two years after the statutory period had expired. But for equitable tolling to apply, the pleading would have to have been filed during the statutory period. Furthermore, aside from alleging the facts which Petitioner believed occurred, he makes no argument as to why he believes the error should equitably toll his habeas petition to render it timely. As a result, the Court should reject this argument as a basis for equitable tolling. *See Hill v. Williams*, Case No. 5:11-CV-194-R, 2011 WL 1575374, at *1 (W.D. Okla. Apr. 26, 2011) (petitioner was not entitled to equitable tolling, because: "The focus on events occurring after the expiration of the statute of limitations period presents no explanation or justification for the fact that Petitioner's conviction became final on April 11, 2000, and Petitioner did not seek post-conviction relief in state court until September 5, 2003. Nothing has been presented to explain this delay, which delay precludes the Court from finding that this case presents the rare and exceptional circumstance where equitable tolling should be applied.").

Finally, the Court should conclude that Petitioner has not alleged any facts which would raise a question as to his actual innocence. *See Miller,* 141 F.3d at 978 (equitable tolling is appropriate, "when a prisoner is actually innocent").

Petitioner has presented no evidence of "rare and extraordinary circumstances," nor has he nor alleged or presented any evidence to meet the actual innocence exception. Accordingly, the Court should conclude that Petitioner is not entitled to equitable tolling.

## VIII. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based upon the foregoing analysis, it is recommended that the Court **GRANT** Respondent's Motion to Dismiss **(ECF No. 13)** and the petition be dismissed as untimely.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **May 1, 2017**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## IX. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on April 13, 2017.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE