# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VICTOR DAVID BRACAMONTES-ELIZONDO, | )<br>)<br>) |
| Petitioner, | )<br>) |
| | ) Case No. CIV-16-1405-F |
| -vs- | )<br>) |
| JASON BRYANT, Warden, | )<br>) |
| Respondent. | ) |

## ORDER

This action seeks habeas relief under 28 U.S.C. § 2254. Petitioner Victor David Bracamontes-Elizondo, a state prisoner, appears *pro se*. His pleadings are liberally construed.

Magistrate Judge Shon T. Erwin entered his Report and Recommendation in this matter on April 13, 2017. Doc. no. 17 (the Report). There, Magistrate Judge Erwin recommends the court grant respondent's motion to dismiss (doc. no. 13) and dismiss the petition as untimely. Petitioner objects to the Report. Doc. no. 20. The court reviews all objected to matters *de novo*.

In his objections, petitioner reasserts all of the reasons which he previously stated in opposition to respondent's motion to dismiss (doc. no. 16) when that motion was before the magistrate judge. Petitioner also objects, in particular, to two specific matters covered in the Report. The first of these relates to the Report's findings regarding petitioner's diligence in pursuing his claims on the state level, an issue which relates to petitioner's equitable tolling argument. The second objection to which petitioner now gives particular attention relates to petitioner's disagreement

with the magistrate judge's reliance on Yang v. Archuleta, 525 F.3d 925 (10th Cir. 2008). Yang considered whether a petitioner with limited proficiency in English, who needed assistance in understanding the legal process, was entitled to equitable tolling with respect to the timeliness of his petition under 28 U.S.C. § 2254. (Yang's proffer of extraordinary circumstances and diligence did not entitle him to equitable tolling, and the court denied a certificate of appealability. *Id*. at 930-31.)

The court has carefully considered all of petitioner's objections, and has reviewed the Report in its entirety. The Report adequately addresses the arguments which were included by the petitioner in his objections to the motion to dismiss when that motion was pending before the magistrate judge. The court agrees with the Report regarding those matters. The court also agrees with the Report's recommended findings regarding petitioner's diligence in relation to petitioner's equitable tolling argument. Finally, petitioner's argument that the Report misinterprets the meaning of Yang v. Archuleta, 525 F.3d 930 (10th Cir. 2008), is rejected. Petitioner argues, for example, that English was Yang's second language whereas petitioner speaks and writes very little English. As stated in Gutierrez-Ruiz v. Trani, 378 Fed. Appx. 797 (10th Cir. 2010) (an unpublished decision which, along with Yang, is cited in the Report), "We have held…that a petitioner's lack of proficiency in the English language, in conjunction with a lack of access to legal materials in his first language and a translator, are not extraordinary circumstances that warrant equitable tolling." Guiterrez-Ruiz, at *2, citing Yang.

After *de* novo review, none of petitioner's objections entitle him to equitable tolling, nor do they otherwise indicate that his petition is timely. The court concurs with the magistrate judge's findings and recommendation that the petition is untimely. The petition will be dismissed on that basis.

After careful consideration, petitioner's objections to the Report and Recommendation of Magistrate Judge Erwin are **DENIED**. The Report and

Recommendation is **ACCEPTED, ADOPTED** and **AFFIRMED**. Respondent's motion to dismiss is **GRANTED**, and the petition for a writ of habeas corpus is **DISMISSED** as untimely. Petitioner has not made the requisite showing for a certificate of appealability, which is **DENIED**.

IT IS SO ORDERED this 6th day of June, 2017.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

16-1405p004.docx